[665 NYS2d 92]

In the Matter of MICHAEL TOLER (Admitted as MICHAEL ANTHONY TOLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 1, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petition contains 11 charges of professional misconduct against the respondent. After a hearing at which the respondent appeared *pro se,* the Special Referee partially sustained Charge Five for the period from July to October 1995 only. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charge Five and to disaffirm the report insofar as it fails to sustain the remaining charges against the respondent. The respondent has not submitted any papers in response to the Grievance Committee's motion, nor has he cross-moved to disaffirm the Special Referee's report.

Charge Five alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to maintain adequate communication with his client Jessie Davis.

In or about October 1993, the respondent was retained by Jessie Davis to prosecute a personal injury claim on behalf of her minor son, Curtis Davis, against the New York City Housing Authority. In or about June 1994, the respondent was retained by Ms. Davis to prosecute another personal injury claim on behalf of Curtis Davis against the New York City Division of Juvenile Justice. In or about July 1995, the respondent agreed to forward a document to Ms. Davis relating to her legal claims. The respondent failed to forward the document to Ms. Davis. In or about August 1995, Davis attempted to locate the respondent by visiting 91-08 Sutphin Boulevard, Jamaica, New York, the respondent's last business address known to her. As a result of her visit, Ms. Davis learned that the respondent had vacated his law office at the above address. The respondent failed to inform Ms. Davis that he had vacated his law office at the above address and relocated it to 115-01 Lefferts Boulevard, South Ozone Park, New York. In or about September 1995, Ms. Davis discharged the respondent as the attorney for herself and her son, Curtis, and retained another attorney.

Charge Eight alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to maintain adequate communication with his client Miriam Green.

On or about May 4, 1995, the respondent was retained by Miriam Green to handle an unemployment insurance claim on

her behalf. On or about July 12, 1995, the respondent was retained by Green to initiate a proceeding pursuant to CPLR article 78 against her former employer, Consolidated Edison. On or about July 12, 1995, Green paid the respondent $1,500 to initiate the proceeding against Consolidated Edison. On or about July 18, 1995, Green directed the respondent to proceed no further with the proceeding against Consolidated Edison.

From July 20, 1995 through August 22, 1995, the respondent failed to communicate with Green and failed to return her numerous telephone calls whereby she sought to obtain information about a refund that he had promised to give her. In or about August 1995, Green attempted to find the respondent by visiting 861 West Merrick Road, Valley Stream, New York, the respondent's last business address known to her. As a result of her visit, Green learned that the respondent had vacated his law office at the above address. The respondent failed to inform Green that he had vacated his law office at the above address and relocated it to 115-01 Lefferts Boulevard, South Ozone Park, New York.

The branch of the Grievance Committee's motion which is to confirm the report of the Special Referee insofar as it sustains Charge Five is granted, and the branch of the motion which is to disaffirm the report of the Special Referee is granted insofar as it fails to sustain Charge Eight for the period from July 20, 1995 to August 22, 1995. The motion is otherwise denied.

In determining the appropriate measure of discipline to impose, we have considered the respondent's extensive disciplinary history and the fact that he is currently suspended from the practice of law for a period of five years.

Under the unique circumstances of this proceeding, the respondent is censured for these additional acts of professional misconduct.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and KRAUSMAN, JJ., concur.

Ordered that the branch of the petitioner's motion which is to confirm the report of the Special Referee is granted insofar as it sustains Charge Five; and it is further,

Ordered that the branch of the petitioner's motion which is to disaffirm the report of the Special Referee is granted insofar as the report fails to sustain Charge Eight for the period from July 20, 1995 to August 22, 1995; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that the respondent, Michael Toler, is censured for his professional misconduct.